SAMUEL SAMUELS, Respondent, *v.* THE EVENING MAIL ASSOCIATION, Appellant.

*Action for libel — statement of plaintiff — injury to feelings — damages.*

In this action, brought for the publication of an alleged libel, the answer set up certain mitigating circumstances, and denied that there was any malice on the part of the defendant, or any injury sustained by the plaintiff. Upon the trial defendant offered to prove a conversation between its general manager and the plaintiff, in which the latter stated that he had sustained no damage; that he was quite ready to withdraw the suit, as he had not been injured at all; and that he would have withdrawn it, were it not for his lawyers, who had taken the case for what they could get out of it ; which conversation was, upon plaintiff's objection, excluded. *Held*, that the conversation was admissible to show the plaintiff's own estimate of the damages he had sustained. The action of libel can only be maintained upon the ground of injury to the character and reputation ; an injury to the feelings is not enough.

Appeal from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, made on the minutes of the court, in an action brought for the publication of an alleged libel.

*Henry H. Anderson* and *Howard Mansfield*, for the appellant. The retraction of the libel was competent evidence in mitigation of damages. (*Knobell* v. *Fuller*, Peak's Additional Cases, 139 ; *Earl of Leicester* v. *Walter*, 2 Camp., 251 ; *Hotchkiss* v. *Olliphant*, 2 Hill, 510 ; *O'Conner* v. *O'Conner*, 27 Ind., 69.) The statements of the plaintiff were admissible upon the general principle that the declarations of a party to the record against his own interest

are evidence for his adversary. The plaintiff assumed to know, and was most likely to know, the effect of the publication of the article, and the jury was competent, and should have been permitted to weigh his declarations in this regard, where made against himself, with all the other evidence, in determining the damages. (Greenl. on Ev., vol. 1, §§ 171, 172; *Richardson* v. *Baker*, 7 Ind., 567; *Phila. and Reading R. R.* v. *Quigely*, 21 How. [U. S.], 214.) The judge erred in charging the jury that they could include in the damages compensation to the plaintiff for injury to his feelings. Pecuniary loss to the plaintiff is the gist of the action for libel, and the foundation of the right to recover damages. If the language published has not occasioned pecuniary injury, actual or implied, then no action can be maintained. (Townshend on Slander and Libel, § 56; see, also, cases collected in note, on page 103; *Onslow* v. *Horne*, 3 Wilson, 177; *Viele* v. *Gray*, 10 Abb. Pr., 7.) In an action for libel the law does not give directly any remedy or compensation for outraged feelings or sentiments, but only for injuries to person, property or reputation. (Mence on Libel, p. 333; Townshend on Slander and Libel, pp. 97, 298, 489; *Haythorne* v. *Lawson*, 3 Car. & P., 196; *Terwilliger* v. *Wands*, 17 N. Y., 54; *Wilson* v. *Goit*, id., 442; *Greene* v. *H. R. R. R. Co.*, 32 Barb., 25.) Injuries to the feelings "being unconnected with any substantive right, are incapable of pecuniary admeasurement." They admit of no precise definition, are determinable upon no principle whatever, but would, if allowed as a subject of legal remedy, tend only and in every case to produce excessive damages. (Starkie on Slander and Libel [Com. 3d Eng. ed.], p. 41; Holt's Law of Libel, p. 222.)

*Robert Sewell*, for the respondent. If the defendant had not pleaded any facts in mitigation, it, perhaps, might have shown the retraction under a general denial; but, having undertaken a special plea, it was bound to make it as full as it desired. To state that it would rely on some facts in mitigation, and then on the trial offer others, of which the plaintiff had not been notified, would be an abuse which should not be allowed. (*Bush* v. *Prosser*, 11 N. Y., 347; *Bisbey* v. *Shaw*, 12 id., 67; *Van Benschoten* v. *Yaple*, 13 How., 97; Code, § 149; *McKyring* v. *Bull*, 16 N. Y., 297.)

The offer to show that the plaintiff sustained no damage by the libel, was properly overruled. The law implies damages from the publication of a false and malicious statement. It is one of those implications which are so strong that the law will not permit them to be denied. No special damage was alleged, and no proof on the subject of damages was offered by the plaintiff. The offer to show that the plaintiff said he was willing to withdraw the suit was not admissible, because it was not pleaded, and because it was not binding, for it was not accepted. (*Sanderson* v. *Caldwell*, 45 N. Y., 401; *Sussdorf* v. *Smith*, 55 id., 319; *McKyring* v. *Bull*, 16 id., 297; *Fry* v. *Bennett*, 4 Duer, 247; *Fry* v. *Bennett*, 9 Abb. Pr., 45; affirmed, 28 N. Y., 324; *Fry* v. *Bennett*, 5 Sandf., 76; affirmed, 6 N. Y., 209; *Baylis* v. *Lawrence*, 11 Ad. & Ell., 924.) The exception to the charge of the judge, that the jury had a right to compensate plaintiff for injury to his feelings, was not well taken. The charge recognized the most elementary principle of the law of libel. Injury to feelings is of the very essence of general damages. True, such injury cannot be pleaded as ground for special damages. The reason is because the jury can give it without proof. (*Taylor* v. *Church*, 8 N. Y., 461; *Tillotson* v. *Chatham*, 3 Johns., 56; *Littlejohn* v. *Greeley*, 13 Abb. Pr., 41–311; S. C., 22 How. Pr., 345; *Fry* v. *Bennett*, 4 Duer, 247; *Swift* v. *Dickerman*, 31 Conn., 284; *Commonwealth* v. *Norfolk*, 5 Mass., 437.) In an action where exemplary damages are allowed, as in this action, the court will not interfere, on the subject of damages, with the verdict of a jury, except in the most extreme cases. It must be clear to the court, from the amount of the verdict, that the jury was governed by prejudice, passion or corruption. The court, in the following cases, refused to set aside verdicts for being excessive; the amounts of the verdicts are set opposite to the cases: *Bell* v. *Howard* (4 Litt., 117), $1,000; *Sanders* v. *Johnson* (6 Black., 51), $2,736; *Litton* v. *Young* (2 Metc. [Ky.]), $4,000; *Trumball* v. *Gibbons* (N. Y. Jud. Rep., 1), $15,000; *Fry* v. *Bennett* (4 Duer, 247), $10,000; *Gfroever* v. *Hoffman* (16 Up. Can., 441), $5,000; *McDougal* v. *Sharp* (1 City H. Rec., 154), $3,500; *Townsend* v. *Hughes* (2 Mod., 150), £4,000, equal to $20,000; *Roe* v. *Hawkins* (1 Lev., 97), £700; *Leeman* v. *Allen* (2 Wils., 160); *Boardman* v. *Campton* (id., 244).

DAVIS, P. J. :

This action was brought for the publication of an alleged libel. The defendant in its answer sets up certain mitigating circumstances and denies " that at the time of the alleged publication there existed any malice on the part of the defendant or any person or persons connected with the said Evening Mail newspaper, and that the plaintiff was in any manner or to any pecuniary extent injured in his reputation or in his good name or credit as a mariner or otherwise, from or by reason of the alleged publication."

On the trial the publication of the alleged libel was proved, and the plaintiff himself gave evidence to show that the statements of the libellous article were untrue. Evidence was given on the part of the defendant showing that the article was furnished to the defendant by an *employe* of the New York News Association, known as the city editor, who testified that he received the information in the article from one of the regular reporters of that association and fully believed it to be true, and that he sent it to the defendant in the course of his business as such editor. The general manager of the defendant was called as a witness, and testified in substance that he first saw the article after it was published, on the day of publication; that he called upon the editors to publish a retraction, and that a retraction was published the next day. The retraction as published was produced and offered in evidence. It was objected to by plaintiff's counsel, on the ground that no retraction was pleaded in the answer. The court excluded it, and the defendant's counsel excepted.

The witness then testified that he had a conversation with the plaintiff after the suit had been commenced, and was asked to state the conversation. The plaintiff's counsel objected to the admission of the evidence, on the ground that " there was no plea of justification or release, and that there was no issue upon which a conversation with plaintiff after the publication of the libel could be admitted in evidence." Defendant's counsel then offered to prove a conversation between the plaintiff and witness, in which the plaintiff stated : first, that he had sustained no damage from the publication of the article; second, that he was quite ready to withdraw his suit, for he had not been injured at all; and, third, that he would have withdrawn it were it not that it was under the

control of his lawyers, who had taken it for what they could get out of it. The evidence was excluded by the court, and defendant's counsel excepted.

The only question submitted to the jury by the court was as to the amount of damages which the plaintiff had sustained by reason of the publication of the article. In the course of his charge upon that subject the judge said: "If you find that he [the plaintiff] has been damaged by reason of this publication, whatever amount you may find he has been injured, either in character or feelings, that amount he is entitled to recover at your hands." Defendant's counsel objected to that portion of the charge which stated that the jury had the right to give compensation to the plaintiff if they found he had been injured in feelings. The jury gave a verdict for the plaintiff for $2,500. A motion was made on the minutes of the court for a new trial, on the ground that the amount was excessive and that the verdict was not justified by the evidence. The motion was denied, and defendant's counsel excepted.

There was no question for the jury in this case except one of damages; but on that subject the question whether the defendant was actuated by malice was one of grave importance. The defendant in its answer denied all malice in the publication, and it very clearly had the right to show in mitigation of damages any facts tending to show the absence of malice. The fact that a retraction was immediately made, in the next issue of the paper following the publication of the libel, was competent under the circumstances to be proved on the question of malice, for the purpose of showing that the defendant was not actuated by that intent to injure the plaintiff which the law will infer from the mere act of publishing the libel.

The defendant had the right also to show that as soon as the attention of its managing agent was called to the publication, he sought to arrest the further operation of the injury done to plaintiff, by prompt retraction. This fact was excluded because it had not been pleaded. We are of opinion that it was competent, under the pleadings, which contain an explicit denial of all malice, to put the retraction before the jury for their consideration in estimating the plaintiff's damages.

The offer to show the conversation with the plaintiff after the

suit had been commenced, appears to us to have been improperly excluded. It was not offered as a justification or release, and the objection on that ground was not well taken. The other objection that there was no issue upon which the conversation with plaintiff after the publication of the libel could be admitted, was equally unfounded. What the plaintiff had said on the subject of the damages he had sustained, was competent to go to the jury, not as a complete defense, nor as a release, but an expression of his own estimate upon the question which they were to consider; and his declaration that he was quite ready to withdraw his suit, and would have withdrawn it were it not that it was under the control of his lawyers, who had taken it for what they could get out of it, was also competent, not for the purpose of showing that the lawyers had so taken the suit, but as bearing upon his own estimate of the injury he had suffered by the publication. The objections made were not sufficiently specific to point out as objectionable that part of the statement that the lawyers had taken it for what they could get out of it, which, if objected to as an independent fact, might properly have been excluded; but the objection was not to show that statement as an independent fact affecting the rights of the plaintiff to maintain the action, but merely as part of a conversation expressing his appreciation of the extent of his own injuries. We are of opinion that the evidence should have been admitted.

It is not necessary to determine whether the part of the charge excepted to was erroneous or not. It is very doubtful whether, in the form it was put by the learned court, it could be sustained. The action for libel can only be maintained upon the ground of injury to the character or reputation of the plaintiff; and where no such injury has been sustained, it is not enough that the jury shall be able to find that the feelings of the plaintiff have been injured. The learned judge, in this part of his charge, said, substantially, that the plaintiff might recover for an injury either to his character or to his feelings; which, in effect, left them at liberty, even if they found that his character had not been injured, to estimate damages because the plaintiff's feelings had been wounded. That rule would permit an action to be maintained in a case where the libelous or slanderous charge had been communicated to no person but the plaintiff; because in such a case the jury might well find an

PEOPLE ex rel. N. Y. DISPENSARY v. GREEN.    11

First Department, December Term, 1875.

injury to the feelings of the plaintiff, though it would be impossible, for want of publication, to find any injury whatever to his reputation. It is doubtful under the authorities, whether it was proper in this case to give to the jury as a specific element of damages, the injury to the feelings of the plaintiff; but whether that be so or not, it seems to us quite incompetent to submit such injury as a basis of recovery, independently of injury to character.

We think the judgment must be reversed and a new trial granted, costs to abide the event.

Daniels and Brady, JJ., thought that the retraction was not admissible under the answer, but concurred in reversing the judgment and ordering a new trial for the other reasons stated in the opinion of Davis, P. J.

Judgment reversed and new trial granted, costs to abide event.